**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JAMES THOR KIRK,

Plaintiff,

vs. No. CV 18-00601 JCH/SCY

STATE OF NEW MEXICO,
NEW MEXICO STATE POLICE,
UNIVERSITY OF NEW MEXICO HOSPITAL,
VALLENCIA COUNTY DETENTION CENTER,
VALENCIA COUNTY BOARD OF COMMISSIONERS,

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6) on the Complaint (Tort) filed by Plaintiff James Thor Kirk on May 17, 2018 in New Mexico state court and removed to this Court on June 27, 2018. (Doc. 3-1) ("Complaint"). This is at least the seventh time Kirk has brought the same claims, and they are barred by the doctrine of claim preclusion. The Court will dismiss Kirk's Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

At the time the Complaint was filed, Plaintiff Kirk was an inmate in the custody of the New Mexico Corrections Department. (Doc. 3-1 at 1). In his Complaint, Kirk names the State of New Mexico, New Mexico State Police, University of New Mexico Hospital, Valencia County Detention Center, and Valencia County Board of Commissioners as Defendants. (Doc. 3-1 at 1). Plaintiff Kirk alleges:

> "Deprivation of Civil Rights, excessive punishment, cruel and unusual punishment, excessive force, police misconduct, illegally detained, false imprisonment, Good Time figuring sheet calculation errors, NMDOC, errors illegally detained."

(Doc. 3-1 at 1). In support of and as a basis for his claims, Kirk attaches a State court Judgment in No. D-1314-CR-2010-00338, documents relating to good time figuring in No. D-1314-CR-2010-00338, his Petition Under 28 U.S.C. § 2254 filed in *Kirk v. Jablonski*, No. CV 17-01050 JCH/CG, and various other filings relating to case No. CV 17-01050 JCH/CG. (Doc. 7-1 at 4-28). In his Prayer for Relief, Kirk demands the Court issue judgment in Kirk's favor:

> "A. $400,000 for the New Mexico State Police excessive force,
> B. $3,000,000 for the University of New Mexico Hospital, illegal cavity search,
> C. $400,000 for New Mexico Department of Corrections, false imprisonment,
> $1,200 per day illegally detained and any further Relief deemed proper and Just in the premises of violations,
> immediate Release from the Department of Corrections."

(Doc. 3-1 at 3).

Defendants, New Mexico State Police, University of New Mexico Hospital, and New Mexico Corrections Department, filed a Motion for Summary Judgment/Motion to Dismiss on December 18, 2018. (Doc. 13). Defendants seek dismissal of the Complaint against them on the grounds of claim preclusion, time-bar of the applicable statute of limitations, and mootness. (Doc. 13 at 12-20). Plaintiff has not responded to the Motion.

Plaintiff Kirk has prosecuted at least seven prior actions in this court arising out of the same factual allegations, CV 12-01157; CV 14-0891; CV 14-01027; CV 15-614; CV 15-00736; CV 16-00270, and CV 17-01050.[1] *Kirk v. University of New Mexico Hospital*, No. CV 12-01157 JP/WPL

[1] Kirk has had a total of eleven original and removed proceedings in this court, including seven civil rights cases under 42 U.S.C. § 1983 and three petitions for writ of habeas corpus under 28 U.S.C. § 2254. *See Kirk v. University of New Mexico Hospital*, No. CV 12-01157 JAP/WPL; *Kirk v. Valencia County Detention Center*, No. CV 14-00891 JCH/SCY; *Kirk v. New Mexico State Police*, No. CV 14-01027 MV/KK; *Kirk v. Flores*, No. CV 15-00736 JCH/LF; *Kirk v. Flores*, No. CV 16-00270 JB/SCY; *Kirk v. Winn*, No. CV 17-00864 JB/GJF; *Kirk v. Marcantel*, No. CV 14-00976 JCH/CG; *Kirk v. Marcantel*, No. CV 15-00614 MV/KBM; *Kirk v. Jablonski*, No. CV 17-

was filed November 8, 2012 (CV 12-01157 JAP/WPL, Doc. 1). It is an action under 42 U.S.C. § 1983 seeking monetary damages for physical injury and pain and suffering arising out of injuries Plaintiff allegedly sustained during the high speed chase with law enforcement officers on October 26, 2010. (CV 12-01157 JAP/WPL, Doc. 1). All identified Defendants in no. CV 12-01157, including University of New Mexico Hospital and Jeffrey Burke, New Mexico State Police Officer, were dismissed from the case. (CV 12-01157 JAP/WPL, Doc. 38, 162, 211, 216). That ruling was affirmed by the United States Court of Appeals for the Tenth Circuit on August 17, 2016. *See Kirk v. Flores*, No. CV 15-02219 (10th Cir. August 17, 2016).

*Kirk v. Valencia County Detention Center*, No. CV 14-00891 JCH/SCY was removed to this Court on October 3, 2014. (CV 14-00891 JCH/SCY, Doc. 1). It is a civil rights and New Mexico Tort Claims Act case arising out of the same October 26, 2010 incident and raising issues including injuries sustained in the chase and the alleged illegal body cavity search. The case named some of the same defendants as those in this case, including University of New Mexico Hospital and New Mexico State Police. (CV 14-00891 JCH/SCY, Doc. 1-1). Case no. CV 14-00891 was dismissed by Memorandum Opinion and Order on October 17, 2014, based on the doctrine of claim splitting. (CV 14-00891 JCH/SCY, Doc. 9).

Similarly, *Kirk v. New Mexico State Police*, No. CV 14-01027 MV/KK was removed from state court on November 12, 2014. (No. CV 14-01027 MV/KK, Doc. 2). Noting that, although not identical, the claims involve the same parties and claimed injury as the two prior cases, the Court dismissed CV 14-01027 MV/KK on the grounds of claim splitting. (No. CV 14-01027 MV/KK, Doc. 15). The Defendants in that case included the University of New Mexico Hospital, New

---

01050 JCH/CG; *Kirk v. Jablonski*, No. CV 18-00288 MV/SMV; and *Kirk v. State of New Mexico*, No. CV 18-00060 MV/SCY (no federal jurisdiction).

Mexico State Police, and Valencia County Detention Center. The issues, again, alleged claims from the 2010 crash, deprivation of medical treatment, and an illegal body cavity search.

In *Kirk v. Marcantel*, No. CV 15-00614 MV/KBM, Kirk brought a habeas corpus proceeding against the New Mexico Department of Corrections asserting that his good time credits had been improperly calculated. The Court denied Kirk relief on the merits, finding that his good time credit had been properly calculated and an habitual offender enhancement was properly applied in sentencing. (CV 15-00614 MV/KBM, Doc. 22, 25, 26).

*Kirk v. Flores*, No. CV 15-00736 JCH/LF was removed from state court on August 21, 2015. (CV 15-736 JCH/LF, Doc. 1). The complaint again named University of New Mexico Hospital and New Mexico State Police defendants and alleged civil rights and tort claims for damages against individual defendants arising out of the October 26, 2010 high speed chase, including claims relating to the alleged illegal body cavity search. (CV 15-00736 JCH/LF, Doc. 1-2). Finding an identity of parties and claims, the Court dismissed *Kirk v. Flores* on grounds of claim splitting, claim preclusion, and the bar of the statute of limitations. (CV 15-00736 JCH/LF, Doc. 8 and 9).

In *Kirk v. Flores, et al.*, No. CV 16-00270 JB/SCY, Kirk once more brought suit against New Mexico State Police Officer Burke, Valencia County Detention Center, and University of New Mexico Hospital. He claimed (1) that defendants failed to administer first aid to Kirk at the scene of the accident following the chase and violated Kirk's Constitutional right to adequate medical care; (2) that a nurse practitioner at the Valencia County Detention Center, where Kirk was taken after being released from the hospital, violated Kirk's right to adequate medical care by failing to provide appropriate attention and treatment to a head injury, open wounds, and several broken bones; and (3) that John Does 1-3 violated Kirk's Constitutional right to be free from

unreasonable searches. (CV 16-00270 JB/SCY, Doc. 1 at 5-7). The Court determined that the Complaint failed to state a claim for relief due to the bar of the doctrine of claim preclusion and the applicable statute of limitations. The Court dismissed Kirk's Complaint with prejudice. (CV 16-000270 JB/SCY, Doc. 7, 8).

*Kirk v. Jablonski*, No. CV 17-01050 JCH/CG was also dismissed as barred by claim preclusion. In that case, Kirk again asserted mixed habeas corpus and civil rights claims arising out of the same chase, pit maneuver, accident, and medical treatment. As part of a lengthy list of Defendants, he named University of New Mexico Hospital Employees, Valencia County Detention Center, Valencia County Board of Commissioners, New Mexico State Police Department, and the New Mexico Department of Corrections. (CV 17-1050 JCH/CG, Doc. 24).

**KIRK'S CIVIL RIGHTS CLAIMS ARE BARRED BY CLAIM PRECLUSION**

In his Petition, Kirk alleges "[d]eprivation of Civil Rights, excessive punishment, cruel and unusual punishment excessive force, police misconduct, illegally detained, false imprisonment, Good Time figuring sheet calculation errors, NMDOC errors illegally detained." (Doc. 3-1 at 1). He further states "Deprivation of Civil Rights, All defendants know or should have known they were in a host of violations of James Thor Kirks' rights protected by the US Constitution ect..." (Doc. 3-1 at 3). Kirk's Complaint does not specify what the "host of violations" may be, but Kirk does attach a copy of his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed in CV 17-01050 JCH/CG.

The form used by Kirk is a New Mexico state Tort Claims Act form complaint. (Doc. 3-1). His allegations are extremely vague, but use the language associated with federal constitutional violations. (Doc. 3-1 at 1). 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Albright v.*

*Oliver*, 510 U.S. 266, 271 (1994); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). The Court construes Kirk's claims for violation of rights under the Constitution as civil rights claims brought under 42 U.S.C. § 1983.

Plaintiff Kirk is proceeding pro se. The Court has the discretion to dismiss a pro se complaint *sua sponte* under 28 U.S.C. § 1915A or Fed. R. Civ. P. 12(b)(6). In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Claim preclusion prohibits parties from relitigating claims "arising out of the same transaction, or series of connected transactions, as a previous suit." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999) (internal quotation omitted). Claim preclusion requires (1) a final judgment on the merits in an earlier action; (2) identity of the parties or privies in the two suits; and (3) identity of the cause of action in both suits. *Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002). The Tenth Circuit applies the "transactional" approach from § 24 of the *Restatement (Second) of Judgments* to determine what constitutes a "cause of action" for claim preclusion. A "cause of action" includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. *Wilkes*, 314 F.3d at 504.

The doctrine of claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim. When a judgment is rendered for a defendant, the plaintiff's claim is extinguished and the judgment acts as a bar to further relief. The goal of claim preclusion is to avoid multiple suits and determinations on identical issues between the same parties. *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.,* 575 F.2d 530, 535-36 (5th Cir. 1978).

Kirk's claims against all Defendants are barred by the doctrine of claim preclusion. With the exception of his claim regarding incorrect calculation of good time credits, all of Kirk's claims in this case, as well as in six prior cases, apparently arise out of the October 26, 2010 car chase, subsequent medical treatment, and detention. (See CV 12-1157, Doc. 1; CV 14-0891, Doc. 1; CV 14-1027, Doc. 1; CV 15-0736, Doc. 1; and CV 16-0270, Doc. 1). His claim that his good time credits were miscalculated similarly arises out of the same facts as his claims in CV 15-00614 MV/KBM. The claims and legal theories of recovery arise from the same transaction, events, or occurrences and constitute the same cause of action for purposes of claim preclusion. *Wilkes,* 314 F.3d at 504. Although Kirk has not named the identical defendants in every one of his prior actions, he has named each of the Defendants in this case in at least one of his prior actions. (See CV 12-1157, Doc. 1; CV 14-0891, Doc. 1; CV 14-1027, Doc. 1; CV 15-0736, Doc. 1; and CV 16-0270, Doc. 1). Last, there has been a final adjudication on the merits in his prior actions. ((CV 12-01157 JAP/WPL, Doc. 38, 162, 211, 216; CV 14-891 JCH/SCY, Doc. 9; CV 14-1027 MV/KK, Doc. 15; CV 15-00614 MV/KBM, Doc. 22, 25, 26; CV 15-736 JCH/LF, Doc. 8 and 9, and CV 17-

01050 JCH/CG, Doc. 24).[2] All the elements of claim preclusion are present in this case. *Wilkes,* 314 F.3d at 504.

Kirk may not seek to relitigate the same causes of action he has already litigated in multiple cases. The prior judgments rendered for the Defendants extinguished the plaintiff's claims and the judgments act as a bar to further relief. The goal of claim preclusion, to avoid multiple suits and determinations on identical issues between the same parties, is met in this case. *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.,* 575 F.2d at 535-36. The Court will dismiss Kirk's § 1983 claims as barred by the doctrine of claim preclusion.

**DENIAL OF LEAVE TO AMEND**

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that amendment would be futile in this case. Any amended claims Plaintiff Kirk might assert would still be subject to dismissal based on claim preclusion. Further, even if claim preclusion did not bar relitigation, many, if not all, of Plaintiffs' claims would either be barred by the statute of limitations or by *Heck v. Humphry,* 512 U.S. 477, 487 (1994). *See, e.g.*,

---

[2] Although the Court bases its rulings on the listed cases, Kirk has raised the same issues in many of his other prior cases, but the rulings did not necessarily dispose of the merits. *See, e.g.*, CV 14-00976 JCH/CG, dismissing Kirk's good time credit claims for failure to exhaust state court remedies.

Doc. 13 at 11-12, 14-15,17-18. *See, also, Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014); *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556–57 (10th Cir.1999). Last, to the extent he seeks to name the State of New Mexico or its agencies, those claims are all subject to dismissal because the State is not a "person" for purposes of § 1983 and any claims against the State are barred by sovereign immunity. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). Any amendment of Plaintiffs' Complaint would be futile and the Court will not grant leave to amend.

**PENDING MOTION**

Pending before the Court is Defendants New Mexico State Police, University of New Mexico Hospital and New Mexico Corrections Department's Motion for Summary Judgment/Motion to Dismiss. The Court will deny the Motion as moot in light of the Court's dismissal of the case.

**IT IS ORDERED**:

(1) Defendants New Mexico State Police, University of New Mexico Hospital and New Mexico Corrections Department's Motion for Summary Judgment/Motion to Dismiss (Doc. 13) is **DENIED** as moot; and

(2) the Complaint (Tort) filed by Plaintiff James Thor Kirk (Doc. 3-1) and all claims and causes of action are **DISMISSED** with prejudice.

UNITED STATES DISTRICT JUDGE